UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURIE BRANDON, MARGUERITE NYHUIS-
ZIERDT, and JANELLE HAYES,

        Plaintiffs,

v.

REEDY CREEK IMPROVEMENT DISTRICT,

        Defendant.

CASE NO.

6:09- cv-885-0



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446, Defendant Reedy Creek Improvement District ("RCID"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby remove the above-captioned action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, to the United States District Court, in and for the Middle District of Florida, Orlando Division, on the following grounds:

    1.    Plaintiffs commenced this civil action in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 09-CA-11986. In this civil action, Plaintiffs Laurie Brandon ("Brandon"), Marguerite Nyhuis-Zierdt ("Nyhusi-Zierdt") and Janelle Hayes ("Hayes") are asserting a claim under the Equal Pay Act (EPA), 29 U.S.C. § 206(d).

    2.    Defendant is the only defendant in this civil action commenced by Plaintiffs on April 16, 2009, in the Circuit Court of the Ninth Judicial Circuit, in and for

Orange County, State of Florida, entitled *Laurie Brandon, Marguerite Nyhuis-Zierdt, and Janelle Hayes v. Reedy Creek Improvement District*, Case No. 09-CA-11986.

3.     This Notice of Removal is being filed within thirty (30) days of receipt by Defendant of a copy of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

4.     The time for answering, filing any motion, or otherwise responding to the above-captioned action has not yet expired, nor has the Defendant entered an appearance.

5.     This action is being removed from the state court where it was originally filed – the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. As such, venue properly lies in the United States District Court in and for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1441(a) and Rule 1.02(b)(3) of the Local Rules of the United States District Court for the Middle District of Florida.

6.     The Summons and Complaint were served on RCID on May 6, 2009, which is attached in accordance with 28 U.S.C. § 1446(a) and Local Rule 4.02(b), at Exhibit A.  To date, RCID has not been served with any other papers or pleadings and RCID has attached copies of all documents in the circuit court file of which it is aware at Exhibit B.

7.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice is being served on Plaintiffs, the only adverse parties, and a copy of this Notice is being filed with the Clerk for the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, a copy of which is attached at Exhibit C.

8.      By filing this Notice of Removal, Defendants do not waive any defenses to the Complaint.

## PLAINTIFFS' ALLEGATIONS

9.      Plaintiffs' Complaint is an action for recovery of damages for violations of the Equal Pay Act, 29 U.S.C. § 206(d). (Plaintiffs' Complaint, ¶¶ 1, 24-33.)

10.     This Court has "Federal Question" original jurisdiction of Plaintiffs' claim under 28 U.S.C. § 1331 because Plaintiffs' claim arises under a law of the United States, 29 U.S.C. § 206(d). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Removal to this Court is therefore proper.

11.     Removal is effectuated under the provisions of 28 U.S.C. § 1446. Removal is timely under 28 U.S.C. § 1446(b) in that this notice is filed within thirty (30) days of receipt of Plaintiffs' Complaint.

11.     The events alleged by the Plaintiffs giving rise to Plaintiffs' claim allegedly occurred in Orange County, Florida, which is within this Court's district. (Plaintiffs' Complaint, ¶ 3.) Thus, venue properly lies in the Orlando Division of the Middle District of Florida. *See* M.D. Fla. Loc. R. 1.02(b)(3).

12.     This Court has jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.     WHEREFORE, on the basis of the foregoing, Defendant Reedy Creek Improvement District removes the above-captioned action from the Florida Circuit Court,

Ninth Judicial Circuit, in and for Orange County, Florida, to this United States District Court.

Respectfully submitted,

By: _Thomas C. Garrard for_

Aaron L. Zandy
Florida Bar No. 0125271
Jessica T. Walberg                    *FL. Bar*
Florida Bar No. 0045099               *# 137120*

FORD & HARRISON LLP
300 South Orange Avenue
Suite 1300
Orlando, FL 32801
(407) 418-2300

Attorneys for Defendant REEDY CREEK
IMPROVEMENT DISTRICT

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Bernard H. Dempsey, Jr. and Thomas Wade Young, Dempsey & Associates, P.A., 1560 Orange Avenue, Suite 200, Winter Park, Florida 32789, this 26th of May, 2009.

_Thomas C. Garrard for_

Aaron L. Zandy

Orlando:151562.1

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL DISTRICT
## IN AND FOR ORANGE COUNTY, FLORIDA

LAURIE BRANDON,
MARGUERITE NYHUIS-ZIERDT, and
JANELLE HAYES,

        Plaintiffs,

vs.

                                    CASE NO.: 09-CA-11986

REEDY CREEK IMPROVEMENT
DISTRICT, a Florida public corporation,

        Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the complaint or petition in this action on Defendant: **REEDY CREEK IMPROVEMENT DISTRICT**
**1900 HOTEL PLAZA BOULEVARD**
**ORLANDO, FL 32830**

The Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: **BERNARD H. DEMPSEY, JR., ESQUIRE**
**DEMPSEY & ASSOCIATES, P.A.**
**Mercantile Bank Plaza, Suite 200**
**1560 Orange Avenue**
**Winter Park, Florida, 32789**
**Telephone (407) 422-5166**

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON APR 3 0 2009

                                 LYDIA GARDNER
                                 as Clerk of said Court

                                 By
                                 As Deputy Clerk

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, _____, no later than seven (7) days prior to the proceeding, if hearing impaired, (TDD) 1-800-955-8771, or Voice (V) 1-800-955-8770, via Florida Relay Service.

                       **Attachment A**

IMPORTANTE

Usted ha sido demandado legalmente. Tiene vente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante.)

IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de le Tribunal. Un simple coup de téléphone est insuffisant pour vous protéger; vous etes obligé de déposer votre réponse écrite, avec mention de numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre agrent, et vos biens peuvent etre saisis par la suite, sans aucun préavis ultérieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire des téléphones).

Si vous choisissez de déposer vous-meme une réponse écrite, il vois faudra également, en meme temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nammé ci-dessous.

BERNARD H. DEMPSEY, JR., ESQUIRE
DEMPSEY & ASSOCIATES, P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

LAURIE BRANDON,
MARGUERITE NYHUIS-ZIERDT, and
JANELLE HAYES,

        Plaintiffs,

vs.

REEDY CREEK IMPROVEMENT
DISTRICT, a Florida public corporation,

        Defendant.

_____/

COPY

**JURY TRIAL DEMANDED**

RECEIVED
APR 16 2009

CASE NO.: 09-CA-

## COMPLAINT

PLAINTIFFS Laurie Brandon (Brandon), Marguerite Nyhuis-Zierdt (Nyhuis-Zierdt), and Janelle Hayes (Hayes) submit this Complaint pursuant to Florida Rules of Civil Procedure 1.100, 1.110, and 1.430. In support of their Complaint, Plaintiffs state as follows:

### JURISDICTION, VENUE AND PARTIES

1.    This is an action by Plaintiffs for recovery of damages resulting from gender discrimination in the form of unequal pay and in violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d).

2.    This Court has jurisdiction over Plaintiffs' EPA claim pursuant to 29 U.S.C. § 216(b), Article V, Section 5(b) of the Florida Constitution, and section 26.012, Florida Statutes (2008).

3.    Venue is proper in this Court under section 47.051, Florida Statutes (2008), because the cause of action accrued in Orange County, Florida.

4.    Plaintiff Brandon is a female individual who resides in Brevard County, Florida and who is employed by Defendant in Orange County, Florida.

5.      Plaintiff Nyhuis-Zierdt is a female individual who resides in Polk County, Florida and who is employed by Defendant in Orange County, Florida.

6.      Plaintiff Hayes is a female individual who resides in Polk County, Florida and who was formerly employed by Defendant in Orange County, Florida.

7.      Defendant Reedy Creek Improvement District (RCID) is a Florida public corporation located in Orange County and Osceola County, Florida. At all times material to this Complaint, RCID operated and conducted business in Orange County and Osceola County, Florida.

8.      Plaintiffs claim damages in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs.

## BACKGROUND AND FACTUAL ALLEGATIONS

9.      RCID serves landowners within the geographical boundaries of the improvement district through the provision of utilities, land use regulation and planning, fire protection, emergency medical services, environmental services, and building and other construction codes enforcement and inspection.

10.     Plaintiff Brandon has been employed by RCID since December 29, 1993. For most of her more than 15 years at RCID, Brandon has worked in the Fire Prevention Division. Brandon is currently employed by RCID as a Fire Inspector, and she holds multiple certifications and licenses required for that position. Brandon frequently trains new inspectors for RCID.

11.     Plaintiff Nyhuis-Zierdt has been employed by RCID since December 2, 1996. Nyhuis-Zierdt works in RCID's Fire Prevention Division as a Fire Inspector. Nyhuis-Zierdt holds multiple certifications and licenses required for that position. She also conducts public education events for RCID.

12.    Plaintiff Hayes was employed by RCID from July 19, 1999, until her resignation on April 18, 2007. During her near eight (8) year employment with RCID, Hayes worked in the Fire Prevention Division as a Fire Inspector. Hayes has an Associates Degree in Fire Science Technology and holds multiple certifications and licenses which are required for Fire Inspectors.

13.    Plaintiffs do the same or substantially similar work, in the same or substantially similar working conditions, as male Fire Inspectors employed by RCID, but Plaintiffs are paid less.

14.    Salary increases for the Fire Inspectors are not based on seniority because male Fire Inspectors with less seniority than Plaintiffs have received higher raises.

15.    Salary increases for the Fire Inspectors are not based on experience because male Fire Inspectors with less experience than Plaintiffs have received higher raises.

16.    Salary increases for the Fire Inspectors are not based on education, certifications, or licenses because male Fire Inspectors with less education or fewer certifications or licenses than Plaintiffs have received higher raises.

17.    Annual performance evaluations for Fire Inspectors ended in December 2003. Since that date, therefore, salary increases have not been based on performance evaluations.

18.    Plaintiffs received higher scores in annual performance evaluations, but they received lower raises than the male Fire Inspectors doing the same or substantially similar jobs in the same or substantially similar working conditions. Plaintiffs' raises were not based on their higher evaluation scores.

19.    Male Fire Inspectors with equivalent or less experience and fewer qualifications than Plaintiffs were paid higher salaries than Plaintiffs when initially hired by RCID as Fire Inspectors.

20.    Plaintiffs have asked all levels of RCID supervisors many times for an explanation as to why they are paid less than RCID's male Fire Inspectors. Legitimate reasons have never been given, and the discriminatory pay practices continue.

21.    Plaintiff Hayes resigned her position at RCID because of the unequal pay she and other female Inspectors were given. She now works in another fire department for higher wages.

22.    All Fire Inspector positions require the same or substantially similar skills, effort and responsibility and are performed in the same or substantially similar working conditions. Although different site and shift assignments are possible, all Fire Inspectors are subject to being assigned to the various sites and shifts.

23.    At various times, Plaintiffs were told by managers that male Fire Inspectors had received higher salaries or raises because of their experience or education or work performance despite the fact Plaintiffs had more experience or education or better work performance.

## COUNT I

## EQUAL PAY ACT, 29 U.S.C. § 206(d)

24.    Plaintiffs incorporate by reference and reassert the allegations set forth in paragraphs 1 through 23 above.

25.    RCID is an employer as defined by 29 U.S.C. § 203(d) and as contemplated by the Equal Pay Act.

26.    Plaintiffs are, or at the material times were, employees as defined by 29 U.S.C. § 203(e) and as contemplated by the Equal Pay Act.

27.    Plaintiffs and their male comparators all work for RCID in the same Fire Prevention Division.

28.    All Fire Inspectors have the same or substantially similar duties, requiring the same or substantially similar skills, effort, and responsibility performed in the same or substantially similar working conditions.

29.    The pay inequities are based on gender alone and are not based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or any other factor other than sex.

30.    RCID repeatedly, intentionally, and willfully paid female Fire Inspectors less than male Fire Inspectors in violation of 29 U.S.C. § 206(d), as evidenced by RCID's failure to correct the unequal pay after Plaintiffs' multiple questions and complaints.

31.    Plaintiffs were and are paid less than the male comparators, even though Plaintiffs have more seniority and the same or more education and experience than the male comparators. In fact, Plaintiffs' wages were and are among the lowest of all Fire Inspectors.

32.    Plaintiffs formally and informally complained about the salary inequities many times throughout their years of employment, but the inequities continued.

33.    Plaintiffs are entitled to compensation of back pay owed, and are also entitled to an award of liquidated damages as a result of Defendants' willful violations of the EPA.

**FOR EACH OF THE FOREGOING REASONS,** Plaintiffs respectfully request the Court render judgment in Plaintiffs' favor, with the judgment awarding:

(a)    Unpaid back pay in the amount of equal wages found to be due and owing;

(b)    Liquidated damages in an amount equal to the unpaid back pay found to be due and owing;

(c)    Prejudgment interest;

(d)    Attorneys' fees and costs; and

(e)    Such other relief as the Court deems just and equitable.

Page 5 of 6

## JURY TRIAL DEMANDED

Plaintiffs demands trial by jury on all issues triable of right by a jury.

Respectfully submitted on this __16TH__ day of April 2009.

BERNARD H. DEMPSEY, JR.
Florida Bar No.: 107697
bhd@dempsey-law.com
THOMAS WADE YOUNG
Florida Bar No. 662240
twy@dempsey-law.com
Dempsey & Associates, P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Counsel for Plaintiff

<u>CIVIL COVER SHEET</u>
ORANGE COUNTY CIRCUIT COURT

**I. CASE STYLE**

LAURIE BRANDON,
MARGUERITE NYHIUS-ZIERDT, and
JANELLE HAYES,

            Plaintiffs,

v.

REEDY CREEK IMPROVEMENT DISTRICT
a Florida Public Corporation,

            Defendants.

CASE NO: 09- CA - 11986

JURY TRIAL DEMANDED

**II.**     **TYPE OF CASE (PLACE AN X IN ONE BOX ONLY. IF THE CASE FITS MORE THAN ONE TYPE OF CASE, SELECT THE MOST DEFINITIVE.)**

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| O Simplified Dissol. (kit) | O Prof. Malpractice | O Contracts |
| O Dissolution | O Products Liability | O Condominium |
| O Dissolution-Child Support | O Auto Negligence | O Real Property |
| O Support - IV-D | O Other Negligence | O Mortg. Foreclosure |
| O Support - Non IV-D | | O Eminent domain |
| O URESA - IV-D | | O Const. Law |
| O URESA - Non IV-D | | O Bond Validation |
| O Domestic Violence | | O Accounting |
| O Other Domestic Relations | | O Declaratory Judgment |
| O Name Change | | O Specific Performance |
| | | X Other: Equal Pay Act Claim (EPA) |

**III.**   **Is Jury Trial Demanded in Complaint?**
    _X_ YES
    ____ NO

**IV.**   **Time standard applicable (insert date that time standard expires)_____**

DATE: _APRIL 16, 2009_

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

_Thomas Wade Young_
Bernard H. Dempsey, Jr., Esquire
Florida Bar No.: 107697
Thomas Wade Young, Esquire
Florida Bar No.: 662240
DEMPSEY & ASSOCIATES, P.A.
Mercantile Bank Plaza
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789

**Attachment B**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL DISTRICT
IN AND FOR ORANGE COUNTY, FLORIDA

LAURIE BRANDON,
MARGUERITE NYHUIS-ZIERDT, and
JANELLE HAYES.

       Plaintiffs,

vs.

                                   CASE NO.: 09-CA-11986

REEDY CREEK IMPROVEMENT
DISTRICT, a Florida public corporation,

       Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the complaint or petition in this action on Defendant: **REEDY CREEK IMPROVEMENT DISTRICT**
                                        **1900 HOTEL PLAZA BOULEVARD**
                                        **ORLANDO, FL 32830**

The Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: **BERNARD H. DEMPSEY, JR., ESQUIRE**
                                    **DEMPSEY & ASSOCIATES, P.A.**
                                    **Mercantile Bank Plaza, Suite 200**
                                    **1560 Orange Avenue**
                                    **Winter Park, Florida, 32789**
                                    **Telephone (407) 422-5166**

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON APR 3 0 2009

                                      LYDIA GARDNER
                                   as Clerk of said Court

                                   By
                                   As Deputy Clerk

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration _____, no later than seven (7) days prior to the proceeding. If hearing impaired, (TDD) 1-800-955-8771, or Voice (V) 1-800-955-8770, via Florida Relay Service.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene vente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante.)

IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de le Tribunal. Un simple coup de téléphone est insuffisant pour vous protéger; vous etes obligé de déposer votre réponse écrite, avec mention de numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre agrent, et vos biens peuvent etre saisis par la suite, sans aucun préavis ultérieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire des téléphones).

Si vous choisissez de déposer vous-meme une réponse écrite, il vois faudra également, en meme temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nammé ci-dessous.

BERNARD H. DEMPSEY, JR., ESQUIRE
DEMPSEY & ASSOCIATES, P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone:  (407) 422-5166
Facsimile:  (407) 422-8556

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

LAURIE BRANDON,
MARGUERITE NYHUIS-ZIERDT, and
JANELLE HAYES,

COPY

     Plaintiffs,

vs.

REEDY CREEK IMPROVEMENT
DISTRICT, a Florida public corporation,

     Defendant.

_____/

**JURY TRIAL DEMANDED**

RECEIVED
11986
APR 16 2009

CASE NO.: 09 - CA -

**COMPLAINT**

  PLAINTIFFS Laurie Brandon (Brandon), Marguerite Nyhuis-Zierdt (Nyhuis-Zierdt), and

Janelle Hayes (Hayes) submit this Complaint pursuant to Florida Rules of Civil Procedure 1.100,

1.110, and 1.430. In support of their Complaint, Plaintiffs state as follows:

**JURISDICTION, VENUE AND PARTIES**

  1.  This is an action by Plaintiffs for recovery of damages resulting from gender

discrimination in the form of unequal pay and in violation of the Equal Pay Act (EPA), 29 U.S.C.

§ 206(d).

  2.  This Court has jurisdiction over Plaintiffs' EPA claim pursuant to 29 U.S.C. §

216(b), Article V, Section 5(b) of the Florida Constitution, and section 26.012, Florida Statutes

(2008).

  3.  Venue is proper in this Court under section 47.051, Florida Statutes (2008),

because the cause of action accrued in Orange County, Florida.

  4.  Plaintiff Brandon is a female individual who resides in Brevard County, Florida

and who is employed by Defendant in Orange County, Florida.

5.      Plaintiff Nyhuis-Zierdt is a female individual who resides in Polk County, Florida and who is employed by Defendant in Orange County, Florida.

6.      Plaintiff Hayes is a female individual who resides in Polk County, Florida and who was formerly employed by Defendant in Orange County, Florida.

7.      Defendant Reedy Creek Improvement District (RCID) is a Florida public corporation located in Orange County and Osceola County, Florida.  At all times material to this Complaint, RCID operated and conducted business in Orange County and Osceola County, Florida.

8.      Plaintiffs claim damages in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs.

## BACKGROUND AND FACTUAL ALLEGATIONS

9.      RCID serves landowners within the geographical boundaries of the improvement district through the provision of utilities, land use regulation and planning, fire protection, emergency medical services, environmental services, and building and other construction codes enforcement and inspection.

10.     Plaintiff Brandon has been employed by RCID since December 29, 1993.  For most of her more than 15 years at RCID, Brandon has worked in the Fire Prevention Division. Brandon is currently employed by RCID as a Fire Inspector, and she holds multiple certifications and licenses required for that position. Brandon frequently trains new inspectors for RCID.

11.     Plaintiff Nyhuis-Zierdt has been employed by RCID since December 2, 1996. Nyhuis-Zierdt works in RCID's Fire Prevention Division as a Fire Inspector.  Nyhuis-Zierdt holds multiple certifications and licenses required for that position.  She also conducts public education events for RCID.

12.     Plaintiff Hayes was employed by RCID from July 19, 1999, until her resignation on April 18, 2007. During her near eight (8) year employment with RCID, Hayes worked in the Fire Prevention Division as a Fire Inspector. Hayes has an Associates Degree in Fire Science Technology and holds multiple certifications and licenses which are required for Fire Inspectors.

13.     Plaintiffs do the same or substantially similar work, in the same or substantially similar working conditions, as male Fire Inspectors employed by RCID, but Plaintiffs are paid less.

14.     Salary increases for the Fire Inspectors are not based on seniority because male Fire Inspectors with less seniority than Plaintiffs have received higher raises.

15.     Salary increases for the Fire Inspectors are not based on experience because male Fire Inspectors with less experience than Plaintiffs have received higher raises.

16.     Salary increases for the Fire Inspectors are not based on education, certifications, or licenses because male Fire Inspectors with less education or fewer certifications or licenses than Plaintiffs have received higher raises.

17.     Annual performance evaluations for Fire Inspectors ended in December 2003. Since that date, therefore, salary increases have not been based on performance evaluations.

18.     Plaintiffs received higher scores in annual performance evaluations, but they received lower raises than the male Fire Inspectors doing the same or substantially similar jobs in the same or substantially similar working conditions. Plaintiffs' raises were not based on their higher evaluation scores.

19.     Male Fire Inspectors with equivalent or less experience and fewer qualifications than Plaintiffs were paid higher salaries than Plaintiffs when initially hired by RCID as Fire Inspectors.

20.     Plaintiffs have asked all levels of RCID supervisors many times for an explanation as to why they are paid less than RCID's male Fire Inspectors.  Legitimate reasons have never been given, and the discriminatory pay practices continue.

21.     Plaintiff Hayes resigned her position at RCID because of the unequal pay she and other female Inspectors were given. She now works in another fire department for higher wages.

22.     All Fire Inspector positions require the same or substantially similar skills, effort and responsibility and are performed in the same or substantially similar working conditions. Although different site and shift assignments are possible, all Fire Inspectors are subject to being assigned to the various sites and shifts.

23.     At various times, Plaintiffs were told by managers that male Fire Inspectors had received higher salaries or raises because of their experience or education or work performance despite the fact Plaintiffs had more experience or education or better work performance.

## COUNT I

## EQUAL PAY ACT, 29 U.S.C. § 206(d)

24.     Plaintiffs incorporate by reference and reassert the allegations set forth in paragraphs 1 through 23 above.

25.     RCID is an employer as defined by 29 U.S.C. § 203(d) and as contemplated by the Equal Pay Act.

26.     Plaintiffs are, or at the material times were, employees as defined by 29 U.S.C. § 203(e) and as contemplated by the Equal Pay Act.

27.     Plaintiffs and their male comparators all work for RCID in the same Fire Prevention Division.

28.     All Fire Inspectors have the same or substantially similar duties, requiring the same or substantially similar skills, effort, and responsibility performed in the same or substantially similar working conditions.

29.     The pay inequities are based on gender alone and are not based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or any other factor other than sex.

30.     RCID repeatedly, intentionally, and willfully paid female Fire Inspectors less than male Fire Inspectors in violation of 29 U.S.C. § 206(d), as evidenced by RCID's failure to correct the unequal pay after Plaintiffs' multiple questions and complaints.

31.     Plaintiffs were and are paid less than the male comparators, even though Plaintiffs have more seniority and the same or more education and experience than the male comparators. In fact, Plaintiffs' wages were and are among the lowest of all Fire Inspectors.

32.     Plaintiffs formally and informally complained about the salary inequities many times throughout their years of employment, but the inequities continued.

33.     Plaintiffs are entitled to compensation of back pay owed, and are also entitled to an award of liquidated damages as a result of Defendants' willful violations of the EPA.

**FOR EACH OF THE FOREGOING REASONS,** Plaintiffs respectfully request the Court render judgment in Plaintiffs' favor, with the judgment awarding:

(a)     Unpaid back pay in the amount of equal wages found to be due and owing;

(b)     Liquidated damages in an amount equal to the unpaid back pay found to be due and owing;

(c)     Prejudgment interest;

(d)     Attorneys' fees and costs; and

(e)     Such other relief as the Court deems just and equitable.

Page 5 of 6

## JURY TRIAL DEMANDED

Plaintiffs demands trial by jury on all issues triable of right by a jury.

Respectfully submitted on this __16TH__ day of April 2009.

BERNARD H. DEMPSEY, JR.
Florida Bar No.: 107697
bhd@dempsey-law.com
THOMAS WADE YOUNG
Florida Bar No. 662240
twy@dempsey-law.com
Dempsey & Associates, P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

LAURIE BRANDON, MARGUERITE NYHUIS-
ZIERDT, and JANELLE HAYES,

        Plaintiffs,

   v.

REEDY CREEK IMPROVEMENT DISTRICT,

        Defendant.

CASE NO. 09-CA-11986

## NOTICE OF REMOVAL

Notice is hereby given that Defendant Reedy Creek Improvement District, by and
through its undersigned counsel, has removed the above-styled case to the United States District
Court, in and for the Middle District of Florida, Orlando Division, in accordance with the Notice
of Removal attached as Exhibit A (excluding attachments).

Dated: this 26th day of May, 2009

Respectfully submitted,

By: _Thomas C. Garner Jr for_

    Aaron L. Zandy
    Florida Bar No. 0125271
    Jessica T. Walberg
    Florida Bar No. 0045099

    *FL. Bar #137120*

    FORD & HARRISON LLP
    300 South Orange Avenue
    Suite 1300
    Orlando, Florida 32801
    Telephone: (407) 418-2300
    Facsimile: (407) 418-2327
    azandy@fordharrison.com
    jwalberg@fordharrison.com

    Attorneys for Defendant REEDY CREEK
    IMPROVEMENT DISTRICT

**Attachment C**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via U.S. Mail to: Bernard H. Dempsey, Jr. and Thomas Wade Young, Dempsey & Associates,

P.A., 1560 Orange Avenue, Suite 200, Winter Park, Florida 32789, this 26th of May, 2009.

Aaron L. Zandy

Orlando:151561.1